AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case

Sheet 1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **v.** | (For Offenses Committed On or After November 1, 1987) |
| FRANCISCO CUEVAS (3) | Case Number: 14CR2936-BEN |
| | RUSSELL SHERIDAN BABCOCK |
| | Defendant's Attorney |

**FILED**

FEB 2 6 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**REGISTRATION NO.** 48527298

☐

THE DEFENDANT:

☒ pleaded guilty to count(s) 1s OF THE SUPERSEDING INDICTMENT.

☐ was found guilty on count(s)_____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18 USC 1956(h) | CONSPIRACY TO COMMIT MONEY LAUNDERING | 1s |

The defendant is sentenced as provided in pages 2 through _____8_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) REMAINING AND UNDERLYING INDICTMENT is ☐ are ☒ dismissed on the motion of the United States.

☒ Assessment: $100.00 forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

☐ Fine waived          ☒ Forfeiture pursuant to order filed   FEBRUARY 22, 2016   , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

FEBRUARY 16, 2016

Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

14CR2936-BEN

AO 245B (CASD) (Rev. 12/11)  Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___8___

DEFENDANT: FRANCISCO CUEVAS (3)
CASE NUMBER: 14CR2936-BEN

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
FIFTY-ONE (51) MONTHS.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
DEFENDANT BE INCARCERATED WITHIN THE WESTERN REGION OF THE UNITED STATES.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒ before 5:00PM ON APRIL 1, 2016. _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

14CR2936-BEN

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
   Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___8___

DEFENDANT: FRANCISCO CUEVAS (3)

CASE NUMBER: **14CR2936-BEN**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS.

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒    The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**14CR2936-BEN**

AO 245B (CASD) (Rev. 12/11 Judgment in a Criminal Case
Sheet 4 — Special Conditions

DEFENDANT: FRANCISCO CUEVAS (3)                                    Judgment—Page __4__ of __8__
CASE NUMBER: **14CR2936-BEN**                         ⊞

# SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within  24  hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☒ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission.  The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within                days.

☐ Complete            hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐

**14CR2936-BEN**

AO 245S      Judgment in Criminal Case
             Sheet 5 — Criminal Monetary Penalties

Judgment — Page    5    of    8

DEFENDANT: FRANCISCO CUEVAS (3)
CASE NUMBER: 14CR2936-BEN

## FINE

The defendant shall pay a fine in the amount of _____ $250.00 _____ unto the United States of America.

This sum shall be paid  ___  immediately.
                         _x_  as follows:

Forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

The Court has determined that the defendant __does__ have the ability to pay interest. It is ordered that:

_x_  The interest requirement is waived.

____  The interest is modified as follows:

14CR2936-BEN

1

2

3

4

5

6

7



8        UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          Case No.  14-cr-2936-BEN

11              Plaintiff,              ORDER OF CRIMINAL
                                        FORFEITURE
12        v.

13   FRANCISCO CUEVAS,

14              Defendant.

15

16        WHEREAS, in the Superseding Indictment in the above-captioned case, the

17   United States sought forfeiture of all right, title and interest in specific property of the

18   above-named Defendant, Francisco Cuevas ("Defendant"), pursuant to Title 18,

19   United States Code, Section 982(a)(1), as property involved in, or traceable thereto, a

20   violation of Title 18, United States Code, Section 1956(h); and

21        WHEREAS, on or about June 16, 2015, Defendant pled guilty before

22   Magistrate Judge David H. Bartick to Count 1 of the Superseding Indictment, which

23   plea included a consent to the forfeiture allegations of the Indictment and an

24   agreement to entry of a $11,986,892.00 judgment against the Defendant in favor of

25   the United States; and

26        WHEREAS, on July 30, 2015 this Court accepted the guilty plea of Defendant;

27   and

28        WHEREAS, by virtue of the admissions of the Defendant set out in the plea

1  agreement and guilty plea, the Court determined that $11,986,892.00 (U.S. dollars)

2  represents the property obtained by the Defendant that was involved in, or traceable

3  thereto, as a result of the violation of Title 18, United States Code, Section 1956(h),

4  as charged in the Superseding indictment; and

5  WHEREAS, by virtue of said guilty plea and the Court's findings, the

6  United States is now entitled to an Order of Forfeiture and a judgment in its favor

7  against the Defendant in the amount of $11,986,892.00, pursuant to Title 18, United

8  States Code, Section 982(a)(1)and Rule 32.2(b) of the Federal Rules of Criminal

9  Procedure; and

10  WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture

11  addendum, the United States has established the requisite nexus between the

12  $11,986,892.00 judgment and the offense; and

13  WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required

14  to the extent that the forfeiture consists of a money judgment;" and

15  WHEREAS, the United States, having submitted the Order herein to the

16  Defendant through its attorney of record, to review, and no objections having been

17  received;

18  Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

19  1.  Defendant FRANCISCO CUEVAS shall forfeit to the United States the

20  sum of $11,986,892.00 pursuant to Title 18, United States Code, Section 982(a)(1);

21  and

22  2.  Judgment shall be entered in favor of the United States against

23  Defendant FRANCISCO CUEVAS in the amount of $11,986,892.00, with interest to

24  accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

25  3.  This Court shall retain jurisdiction in the case for the purpose of

26  enforcing the order of forfeiture and collecting and enforcing the judgment; and

27  4.  Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final

28  as to the Defendant at the time of sentencing and is part of the sentence and included

- 2 -

1  in the judgment; and

2      5.      The United States may, at any time, move pursuant to Rule 32.2(e) to

3  amend this Order of Forfeiture to substitute property having a value not to exceed

4  $11,986,892.00 to satisfy the money judgment in whole or in part; and

5      6.      The United States may take any and all actions available to it to collect

6  and enforce the judgment.

7      IT IS SO ORDERED.

8      DATED:

9      2/25/2016

10                                    HONORABLE ROGER T. BENITEZ
                                      United States District Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -